## Messick *et al. versus* Ward.

1. An award made in pursuance of a voluntary submission, and without fraud, is always final, unless the parties provide for an appeal, or for some other mode of rehearing.

2. Where erasures occur in a record, if they be at all allowed, the erased writing is simply to be left unread. It is not to be used as a means of construing the record itself.

ERROR to the Common Pleas of *Allegheny county*.

William Ward obtained judgment before Alderman Heisley, of Pittsburgh, against Michael Messick, as principal, and Jackson Jeffrey, as bail, for $20 debt, and costs, for house rent. Jeffrey appealed to the Common Pleas. By consent of attorneys, in open court, the matter was referred to arbitrators, on whose report, judgment to be entered by the prothonotary. The words, "without exception or appeal," were in the submission, as first written, but afterwards erased therefrom. The arbitrators awarded for plaintiff, and Jeffrey appealed therefrom. On motion, and after rule to show cause granted, the court set aside the appeal, and entered judgment on the award, for the following reasons, given by the court, M'CLURE, J.:

"This reference was not under the compulsory arbitration law, where the right of appeal is reserved in all cases; nor is the award, under a voluntary submission at common law; but it is made under the act of assembly, entitled, 'Of Voluntary Arbitrations.' Brightly, 42. The reference was under sec. 3, by consent to a rule of court for referring. In the reference, the words, 'without exception or appeal,' were expunged by consent of counsel. The award has the effect of a special verdict. Section 3. The act provides that the losing party may except, for certain enumerated causes, and for none other. Here, no exceptions have arisen, and none were made. The act confers no power of appeal, nor can any striking out of words, or altering the ordinary phraseology of a submission confer it. You may waive your right of exception, but you cannot create a legal right to appeal. We are governed in all things by the statutes."

The decision of the court was assigned for error.

*Pollock*, for plaintiffs in error.

*Negley*, for defendant in error, cited *Kimmel* v. *Shank*, 1 S. & R. 24.

[Chess et al. *v.* Birmingham.]

The opinion of the court was delivered by

LOWRIE, J.—This is a voluntary submission made in open court, with an agreement that judgment shall be entered by the prothonotary on the award. The terms of the submission seem, therefore, to exclude the right of appeal. But this was not necessary; for no appeal is given by law in such a case. On a voluntary submission, an award made in pursuance of it, and without fraud is always final, unless the parties provide for an appeal, or for some other mode of re-hearing.

But it is supposed that the contrary intention appears here, because the words "without exception or appeal," were originally in the submission as written, and were erased at the time the submission was agreed to, and made a rule of court. We cannot possibly attribute so much importance to an erasure. Usually that which is erased is not to be read, but this would be to make it the means of announcing a most important part of the agreement. An erasure of one agreement cannot be equivalent to the expression of a contrary agreement. The erasure left the parties without agreement on the subject, and then the rules of law must stand as their guide in relation to it.

And besides, it would be most dangerous to establish a rule that any unexpressed intention is to be inferred from an erasure. We have enough to do to construe what is written in plain words, without requiring us to interpret erasures. There ought to be no such thing in a record, but if they be at all allowed, we must simply leave the erased writing unread.

Judgment affirmed.